UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 22-7726-JFW(AFMx)**                                Date:  February 13, 2023

Title:    Brandon Michael Mann -v- Eric J. Holcomb, et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                                    None Present
   Courtroom Deputy                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:                ATTORNEYS PRESENT FOR DEFENDANTS:
   None                                              None

PROCEEDINGS (IN CHAMBERS):    ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION;

ORDER CONTINUING HEARING ON PLAINTIFF'S PETITION FOR CONFIRMATION/ENFORCEMENT OF PRIVATE CONTRACTUAL ARBITRATION AWARD

On October 21, 2022, Plaintiff Brandon Michel Mann ("Plaintiff"), appearing pro se, filed a Petition for Conformation/Enforcement of Private Contractual Arbitration Award ("Petition"), alleging that this Court has federal question jurisdiction and diversity jurisdiction over this action.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). Although Plaintiff alleges that this action arises under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.*, the FAA is "'something of an anomaly in the realm of federal legislation: It 'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (quoting *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008)). "Accordingly, a petition under the FAA to confirm, vacate, or modify an arbitration award may be brought in federal court only if an independent basis of jurisdiction exists." *Hansen Beverage Co. v. DSD Distributors, Inc.*, 2008 WL 5233180, at *4 (S.D. Cal. Dec. 12, 2008).

Although Plaintiff also makes a conclusory reference to the United States Constitution, Plaintiff does not allege any facts demonstrating that his right to relief depends on a resolution of constitutional question or other question of federal law. In addition, although Plaintiff alleges that the amount in controversy exceeds the sum of $75,000.00 and "involves interstate commerce with

citizens of different States," these allegations are insufficient to establish that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that all plaintiffs be of different citizenship than all defendants.  From the face of Plaintiff's Petition and Civil Cover Sheet, it appears that both he and at least one defendant are citizens of Indiana.

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **February 24, 2023**, why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. See Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action.

Plaintiff's Petition for Conformation/Enforcement of Private Contractual Arbitration Award is **CONTINUED** from February 17, 2023 at 11:00 a.m. to **March 6, 2023 at 1:30 p.m.**

IT IS SO ORDERED.